## THE PEOPLE *v.* REYES.

### APPEAL from the District Court of Arecibo.

#### No. 9.—Decided April 27, 1904.

TRIAL BY JURY—VERDICT.—The deliberations of the jury should be absolutely secret, because such secrecy constitutes a guarantee of the independence and liberty of the jury which contribute to make the verdict a faithful reflection of the honest, independent and free convictions of the members of the jury.

ID.—DOCUMENTS WHICH MAY BE CONSIDERED BY THE JURY.—Upon retiring to deliberate upon their verdict, the jury may take with them only such documents or papers that have been received as evidence in th cause, or copies of the same, when they ought not to be taken from the person having them in his possession.

ID.—VERDICT.—The judge who permits the jury upon retiring to deliberate, to take with them the record of preliminary proceedings of another case, and which was not introduced in evidence on the trial, containing documents and testimony of witnesses prejudicial to the accused, commits error, and the verdict rendered under such circumstances is void.

The facts are stated in the opinion of the court.

*Mr. Ramos (José C.)*, for appellant.

*Mr. del Toro, Fiscal,* for respondent.

MR. JUSTICE FIGUERAS delivered the following opinion of the court:

The appellant in this case was ordered to be prosecuted,

Juan Arroyo Adorno, Prisco Padilla y Tomás Colón Sánchez
por aparecer complicados en la muerte violenta de Don
Carlos Ma. Alvarez, ocurrida en el barrio de Hato Viejo,
término municipal de Ciales, el cinco de Noviembre de mil
ochocientos noventa y ocho.

Siguió el sumario su curso natural según el procedimiento
que entonces regía; se declaró extinguida la acción penal, en
cuanto á Colón Sánchez por haber fallecido, rebelde á Simeón
Reyes y se suspendió en cuanto á él el procedimiento hasta
que en 28 de Diciembre de 1898 se dictó sentencia calificando
el hecho de asesinato, estimando como autores á los procesa-
dos presentes Padilla y Arroyo y se les condenó á la pena de
cadena perpétua con las accesorias del caso, indemnización á
la familia del interfecto y pago cada uno de una cuarta parte
de costas. Esa sentencia se declaró firme por no haberse in-
terpuesto contra ella recurso alguno dentro de los diez dias
subsiguientes á su notificación.

En la madrugada del diez y siete de Julio de mil nove-
cientos tres fué capturado Simeón Reyes, que hoy es el recu-
rrente. Conducido ante el Tribunal de Arecibo se dió lectura
á las conclusiones acusatorias del Fiscal y se preguntó al
acusado si se confesaba autor del delito, pero contestó negati-
vamente añadiendo su abogado defensor que deseaba el jui-
cio por jurados, á cuya pretensión se accedió.

El diez y ocho de Enero del corriente año se constituyó
en debida forma el Jurado, se practicaron las diligencias de
prueba y declaron como testigos Prisco Padilla, Eulogio Co-
lón, Enrique Valdivieso, Juan Galindez y Osbaldo Freites.
El jurado, después de deliberar, manifestó por medio de su
Presidente, que no habia veredicto porque siete habian votado
en contra y cinco en pró. Expresó el Juez su deseo de cono-
cer los nombres de los que sostenían la una y la otra opinión
y el Fiscal se opuso en razón á que las deliberaciones deben
ser secretas. Se hizo constar dicha excepción y retirado el
Jurado de nuevo, regresó con un veredicto unánime decla-

jointly with Juan Arroyo Adorno, Prisco Padilla and Tomás Colón Sánchez, for complicity in the violent death of Carlos Ma. Alvarez, which occurred in the *barrio* 'Hato Viejo,' municipal district of Ciales, on November 5, 1898.

The preliminary proceedings followed their natural course according to the practice which then prevailed. The penal action was declared extinguished with regard to Colón Sánchez by reason of his death, Simeón Reyes was declared a fugitive, and the proceedings against him were suspended until December 28, 1898, when judgment was pronounced qualifying the act as murder, declaring the defendants present, Padilla and Arroyo, to be the guilty parties, and sentencing them to the penalty of life imprisonment, the usual accessory penalties, indemnification of the family of the deceased, and to pay one-fourth of the costs. Said judgment was declared final for failure to take an appeal therefrom within ten days after notice thereof was given.

Simeón Reyes, the appellant in this case, was captured on the morning of July 17, 1903. The prisoner having been taken before the Arecibo court, the accusatory conclusions of the *Fiscal* were read and he was asked whether he confessed himself guilty of the crime, to which he answered in the negative, his counsel adding that he desired a jury trial, which request was granted.

On the 18th of January of the present year, a jury was duly impaneled, the evidence was taken, and Prisco Padilla, Eulogio Colón, Enrique Valdivieso, Juan Galíndez and Osbaldo Freites testified as witnesses. The jury, after having deliberated, announced through their foreman that they could not agree upon a verdict, seven of their number having voted against and five in favor of conviction. The judge expressed a desire to know the names of the jurymen who maintained opposite views, to which the *Fiscal* excepted on the ground that the deliberations of the jury ought to be secret. Said exception was noted, and, the jury having again retired, re-

rando al acusado culpable del delito de homicidio voluntario. En este estado solicitó el acusado un nuevo juicio que se le denegó, y por sentencia de veinte de Enero último se le condenó como autor de un homicidio voluntario perpetrado en la persona de Don Carlos Ma. Alvarez, á la pena de diez años de presidio, á trabajos forzados, que cumplirá en la Penintecaría de San Juan, y al pago de las costas.

Posteriormente presentó el defensor un pliego de excepciones para obtener del Tribunal la correspondiente declaración. La primera parte del pliego contiene un análisis de las declaraciones de los testigos que declararon en el juicio y así deducir la carencia de prueba para condenar á su defendido, y la segunda, que es la importante, se refiere al hecho de habérsele entregado al Jurado, á espaldas de la defensa, las deposiciones de los testigos que declararon en un sumario, muchas de las cuales se prestaron por personas que no comparecieron ante dicho Jurado. En escrito separado se apeló de la negativa de un nuevo juicio y de la sentencia condenatoria.

Como no se hizo constar en ninguna forma, en el acta del juicio, lo que declararon los testigos, creyó el Juez que no le era lícito certificar en un pliego de excepciones cuales fueran las declaraciones de dichos testigos, y sobre el segundo extremo, reconociendo el Juez de Derecho como cierto el envío del sumario al Jurado por conducto del Alguacil del Tribunal, sin intervención de la defensa, se dió como razón para justificar tal hecho lo siguiente: "la imposibilidad de enterarse el Jurado de un procedimiento iniciado mucho antes de que comenzara á regir la Ley de Jurados en Puerto Rico y la no menor imposibilidad de separar los documentos que podía llevarse el Jurado con arreglo á la Sección 83 de la Ley de 31 de Enero de 1901, de los que debian permanecer reservados en

turned into court with a unanimous verdict finding the defendant guilty of the crime of voluntary manslaughter. At this stage of the proceedings the accused submitted a motion for a new trial, which was overruled, and by judgment rendered on the 20th of January last he was sentenced for the crime of voluntary manslaughter, perpetrated upon the person of Carlos Ma. Alvarez, to the penalty of ten years' imprisonment at hard labor, to be served in the penitentiary of San Juan, and to the payment of costs.

Subsequently counsel for the accused presented a bill of exceptions to the court for settlement. The first part of the bill of exceptions contains an analysis of the testimony of the witnesses who testified on the trial, pleading the absence of evidence to sustain a judgment of conviction against his client; whereas the second part, and the one which is important, relates to the delivery to the jury, without the knowledge of the defense, of the depositions of witnesses who testified upon the preliminary proceedings, many of which were made by persons who did not appear before said jury. In a separate writing an appeal was taken from the order overruling the motion for a new trial and from the judgment of conviction.

As the testimony of the witnesses upon the trial was not made to appear in any way, the judge did not deem it proper to certify to the testimony of said witnesses in the bill of exceptions, and with respect to the second matter, the trial judge, having recognized the truth as to the delivery to the jury of the record of preliminary proceedings through the bailiff of the court, without the intervention of the defense, gave as a reason in justification of such fact the following, to wit: ''The impossibility of the jury's informing itself from a proceeding instituted long before the jury law went into effect in Porto Rico, and the no less impossibility of separating the documents which could be taken out by the jury according to section 83 of the act of January 31, 1901, from those which should be

el Tribunal, porque esta selección equivalía á la mutilación de un sumario que, como conjunto de documentos públicos, no puede entresacarse por ningún Juez debido á su expontánea voluntad.''

Por estos fundamentos declaró el Juez de derecho sin lugar las excepciones y de conformidad con el artículo 145 de la Ley de Jurados, mandó archivar la resolución con el pliego presentado. Se admitió luego la apelación interpuesta contra la sentencia y se remitieron á esta Superioridad las copias correspondientes y el antíguo sumario. Ya vencido el término del emplazamiento se personó en esta apelación el abogado Don José C. Ramos y en el estado de autos se le tuvo por parte, sin consignar el apelante el depósito sobre costas ni requerírsele para que jurase su insolvencia, como se solicitió cuando los autos estaban en poder del Fiscal. El apelante, por medio de su defensor, presentó escrito ante esta Corte Suprema, alegando que se habián cometido dos errores, siendo el uno el deseo manifestado por el Juez de Derecho de conocer los nombres de los jurados que en la primera deliberación votaron en pró y en contra del acusado y el otro la entrega del sumario en la forma que ya se ha reseñado y cuando de nuevo se habiá retirado el Jurado á deliberar. Esos errores determinan en sentir de la defensa la necesidad de un nuevo juicio y á esta pretensión se adhiere el Fiscal.

Hemos creido conveniente traer todos esos antecedentes para juzgar con acierto las cuestions sometidas hoy á nuestra consideración. No es del caso considerar hoy la primera parte del pliego de excepciones presentado ante el Juez de derecho porque se refiere á si existe ó nó prueba para condenar al acusado y hemos de limitarnos ahora á los defectos del procedimiento. Estudiando el primer error, hemos de reconocer desde luego que hubiera entrañado suma gravedad si se hubiera violado la reserva que debe guardarse en las de-

withheld by the court, because this selection is equivalent
to the mutilation of a record of preliminary proceedings which,
taken as a collection of public documents, cannot be taken
apart by any judge voluntarily and at will.''

For these reasons the trial judge overruled the exceptions
and, in conformity with section 145 of the jury law, ordered
the decision to be filed with the bill of exceptions presented.
Thereafter the appeal taken from the judgment was admitted,
and the necessary copies, together with the old record of pre-
liminary proceedings, were transmitted to this court. After
the expiration of the period of citation, Attorney José C.
Ramos appeared upon the appeal, and in the then condition
of the record he was held to be a party, without the appellant
having made the deposit required as security for costs or
being required to make oath as to his insolvency, as was re-
quested when the record was in the possession of the *Fiscal*.
The appellant, through his counsel, presented a writing in
this court alleging that two errors had been committed, one
being the desire expressed by the trial judge to know the
names of the jurors who voted in favor of and against the
accused on the first deliberation, and the other consisting in
the delivery of the record of the preliminary proceedings in
the manner previously set forth, and after the jury had
again retired to deliberate. The errors, in the opinion of the
defense, establish the necessity for a new trial; and the *Fiscal*
concurs in this conclusion.

We have deemed it advisable to have before us all of this
data in order properly to determine the questions submitted
for our consideration. It is not now necessary to consider
the first part of the bill of exceptions presented to the trial
judge, because it relates to the question as to whether or not
evidence exists to sustain the conviction of the accused, and
we will therefore limit ourselves for the present to the
defects in the proceedings. Upon a consideration of the first
error assigned, we are at once constrained to recognize that

liberaciones del Jurado, porque el espíritu que en este punto domina en la ley que dió vida á la Institución, es que esta operación se realice en completo alejamiento, porque el secreto en este caso es una garantía de la independencia y libertad del jurado, garantía é independencia que contribuyen también á que el veredicto deba ser el reflejo fiel de las conciencias honradas, independientes y libres. Pero afortunadamente no consta de las diligencias que se revelasen los nombres de los jurados que en la primera deliberación emitieron su voto favorable y adverso, porque después de la pregunta hecha con tal propósito, vino la oposición del Fiscal y esto fué suficiente para que no se exteriorizase lo que debía quedar en el más absoluto silencio.

Pero viene á nuestra consideración el otro error cometido, alegado ante esta Corte, y expuesto en el pliego de excepciones, á que nos hemos referido, ó sea el de la entrega al Jurado de un sumario sin el conocimiento de las partes, y por consiguiente fuera de la Audiencia pública. En ese sumario que hemos estudiado con toda atención, hay declaraciones escritas de testigos que no declararon ante el Jurado y consta también la sentencia de veinte y ocho de Diciembre de mil ochocientos noventa y ocho, condenatoria de dos acusados y y cuyo fallo contiene en el hecho probado la responsabilidad grave del hoy recurrente Simeón Reyes, que entonces estaba prófugo. Es de presumir que el Jurado se enteró de todas esas constancias, y entonces surge en el ánimo la duda de si en el veredicto unánime de culpabilidad influyeron de modo poderoso esas nuevas é inesperadas impresiones, que decidieron sus conciencias en contra del acusado, qué no tuvo tiempo ni ocasión de presentar sus descargos. Ese veredicto, en tales condiciones rendido, tiene que ser nulo, porque no puede considerársele como producto del análisis reflexivo y desapasionado de todos aquellos elementos de prueba que,

if the secrecy which should be maintained in the deliberations of the jury had been violated it would have involved serious consequences, inasmuch as the spirit pervading the law which gave life to the institution upon this point is that such process should be carried out in complete privacy, as secrecy in this case is a guarantee of the independence and liberty of the jury, which guarantee and independence likewise contribute to make the verdict a faithful reflection of honest, independent and free convictions. Fortunately, however, it does not appear from the record that the names of the jurors who cast favorable and adverse votes on the first deliberation were revealed, because after the question was propounded with that object in view the *Fiscal* interposed his objection, and this was a sufficient reason for suppressing a matter concerning which absolute silence should have been maintained.

But there comes before us for consideration the other error alleged in this court to have been committed, and assigned in the bill of exceptions to which we have referred, namely, the delivery to the jury of the record of preliminary proceedings without the knowledge of the parties, and, consequently, while the court was not in public session. In this record, which we have considered with all due attention, appear the written statements of witnesses who did not testify before the jury, and the judgment of December 28, 1908, also appears, condemnatory of the two accused, and which judgment, in the findings of fact, contains matter fixing the serious liability of the present appellant, Simeón Reyes, at that time a fugitive from justice. It must be presumed that the jury informed itself of all these matters in the record, and there then comes into the mind the doubt as to whether all these new and unexpected impressions, which inclined the consciences of the jurors against the accused, who had neither the time nor the opportunity for presenting matter of defense, did not exercise a powerful influence in determining the unanimous verdict of guilty. That verdict, in the circumstances

en Corte abierta, se hubiesen aquilatado y que así se sometieran á la consideración del Jurado.

Ese veredicto tiene que ser también nulo porque debe presumirse que entraña en su seno, como parte integrante de su génesis, los inconvenientes del antiguo procedimiento escrito, que tan abiertamente rechazan todas las. modernas. leyes de Enjuiciamiento Criminal. Así las cosas, se ha infringido la sección 83 de la Ley de Jurados de la Asamblea Legislativa, aprobada en 31 de Enero de 1901, y el artículo 274 del Código de Enjuiciamiento Criminal, que sientan la misma doctrina, ó sea que al retirarse para deliberar el Jurado puede llevar solamente documentos ó escritos que hayan sido recibidos como pruebas en el proceso, ó copias de los mismos, cuando no deba privarse de ellos á las personas en cuyo poder se hallen, pero en ningún caso podían llevarse, ni entregárseles, las declaraciones ó deposiciones, como así se denominan en las Leyes del Jurado que anteriormente se han citado. No puede justificar la remisión del sumario el hecho de ser éste muy antíguo, porque fuéralo ó nó, debía siempre tenerse en cuenta si había en él actuación perjudicial al acusado, que no sirvió de prueba en el juicio por jurado, pasando así por la crítica á que le sometieran la acusación y la defensa. En tal caso, cualquiera que fuese su tiempo no podía bajo ningún concepto remitirse.

Tampoco cabe exculparse con el hecho de la imposibilidad de mutilar dicho sumario. El artículo 274, citado anteriormente, consiente que el Jurado se lleve copias, pero siempre bajo la ineludible condición de que los originales se hayan presentado y analizado como prueba en el juicio por jurado y con el conocimiento de las partes. Se han infringido, por tanto, las disposiciones que de modo terminante prohiben la

in which it was rendered, must necessarily be void, since it cannot be regarded as the reflective and dispassionate analysis of those elements of proof which had been settled in open court and submitted in such form for the consideration of the jury.

Said verdict must also be held void for the reason that it must be presumed that it is impregnated, as an integral part of its genesis, with the objections to the former written procedure, which is so openly rejected by all modern laws of criminal procedure. In this state of the case there has been a violation of section 83 of the Jury Law of the Legislative Assembly, approved January 31, 1901, and section 274 of the Code of Criminal Procedure, which lay down the same doctrine, namely, that upon retiring for deliberation, the jury may take with them only documents and papers which have been received as evidence in the cause, or copies of the same when they ought not to be taken from the person having them in his possession, but in no case should the testimony or depositions of witnesses, as they are so denominated in the jury laws previously cited, be delivered to them. The delivery of the record of preliminary proceedings cannot be justified by the fact that the same was very old, for whether it was or not, it should always be considered whether it contained matter prejudicial to the accused, which was not used as evidence at the jury trial, thus undergoing the criticism to which it might be subjected by the prosecution and defense. In such case, regardless of the time it was in existence, it could under no circumstances be submitted to the jury.

Neither could such action be excused upon the ground that it was impossible to mutilate said record. Section 274, cited *supra*, permits the jury to take copies with them, but always upon the unavoidable condition that the originals have been produced and analyzed on the trial by the jury, and with the knowledge of the parties. The provisions of law which specifically prohibit the delivery of documents not

entrega de los documentos que no se hallen en los casos que la ley autoriza, y como se remitió al Jurado el sumario que contenía documentos y declaraciones de testigos que no se presentaron como pruebas en el juicio, el veredicto unánime de culpabilidad no puede prevalecer porque debemos presumir que se ha engendrado con el exámen de otras pruebas recibidas por el Jurado fuera del Tribunal. Para remediar tan grave mal están unánimes la sección 153, No 2 de la Ley de Jurados de 31 de Enero de 1901, y el artículo 303, número 2, del Código de Enjuiciamiento Criminal. Por consiguiente, después de haber considerado el asunto con todo detenimiento y de pesar las consecuencias de un veredicto que entraña un vicio de nulidad tan manifiesto, somos de la opinion que debe anularse la senténcia que se dictó por el Juez de Derecho y devolverse la causa para la celebración de un nuevo juicio.

*Resuelto de conformidad.*

Jueces concurrentes: Señores Presidente Quiñones y Asociados Hernández, Sulzbacher y MacLeary.

---

## FERNÁNDEZ v. LA CORTE DE DISTRITO.

### SOLICITUD para que se expida un mandamiento de certiorari.

No. 1.—Resuelto en Abril 29, 1904.

CERTIORARI.—El auto de *certiorari* solo procede para corregir errores de procedimiento, mas no errores de derecho substantivo.

ID.—FORMALIDADES DE LA SOLICITUD.—La solicitud en que se interese la expedición de un auto de *certiorari*, deberá hacerse bajo juramento, en la misma manera y forma que las peticiones de *habeas corpus*.

### EXPOSICIÓN DEL CASO.

En la solicitud presentada en este caso, el demandante expone los hechos que le sirven de fundamento, en la forma siguiente:

embraced in the cases authorized by law have therefore been violated, and as the record of preliminary proceedings containing documents and the testimony of witnesses which were not introduced in evidence on the trial was sent to the jury, the unanimous verdict of guilty cannot prevail, because we are obliged to presume that it was engendered by an examination of other evidence received by the jury outside of the court room. Subdivision 2 of section 153 of the Jury Law of January 31, 1901, and subdivision 2 of section 303 of the Code of Criminal Procedure are agreed upon the remedy for such a grave wrong. We are therefore of the opinion, after having given the matter our most careful consideration, and after weighing the consequences of a verdict which is so manifestly vicious as to involve the nullity of the same, that the judgment rendered by the trial judge should be reversed, and the case returned for a new trial.

*So ordered.*

Chief Justice Quiñones and Justices Hernández, Sulzbacher and MacLeary concurred.